James D. Holman, Esq ISB: 2547
Jacob S. Wessel, Esq ISB: 7529
THOMSEN HOLMAN WHEILER, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
holman@thwlaw.com
wessel@thwlaw.com

  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| HEATH LAYTON, | ) | Case No. CV- |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT AND DEMAND FOR |
| v. | ) | JURY TRIAL |
| | ) | |
| EAGLE ROCK TIMBER, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Heath Layton, for cause of action against Eagle Rock Timber, Inc. (hereinafter "Eagle Rock"),  states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a claim under Title I of the Americans with Disabilities Act of 1990 to correct unlawful employment practices on the basis of disability and/or age, to vindicate Plaintiff's rights and the rights of other qualified people with disabilities to fair treatment and equal opportunity, and to make Plaintiff whole.  Plaintiff Heath Laytonis a qualified individual with a physical impairment,

1 -     COMPLAINT AND DEMAND FOR JURY TRIAL

which substantially limits him in one or more major life activities. Eagle Rock discriminated against Plaintiff Heath Layton in the terms and conditions of his employment by firing him for his disability.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. § 12117(a), pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and pursuant to Title VII of the Civil Rights Act of 1968 as amended in 1988 also known as the Fair Housing Act, 42 U.S.C. §§ 3604(f), 3613.

3. The employment practices alleged herein were committed in the District of Idaho, County of Bonneville.

## PARTIES

4. Plaintiff is a resident and citizen of the State of Idaho and at all times relevant hereto was a resident of the County of Bonneville.

5. Defendant Eagle Rock Timber, Inc. is an Idaho corporation doing business in the State of Idaho, County of Bonneville.

6  Eagle Rock employs and has employed during the relevant period more than 15 employees and was engaged in an industry affecting commerce. At all material times, Eagle Rock was and is an employer within the meaning of 42 U.S.C. § 12111(5)(A).

7. Plaintiff Heath Layton is a qualified individual with a disability for purposes of 42 U.S.C. § 12112(a), in that he has a physical impairment which substantially affects one or more major life activities, including, but not limited to, his ability to walk.

8. Eagle Rock regarded and treated Plaintiff Heath Layton as a person with an

impairment that substantially limited one or more major life activities. Plaintiff's ability to perform the essential functions of his position with Eagle Rock was limited as a result of the attitude of Eagle Rock toward his impairments.

9. Despite his disability, at all relevant times Plaintiff was able to work and qualified for the positions he held with Eagle Rock, with or without reasonable accommodation. Plaintiff was fully able to perform the essential functions of the positions he held with Eagle Rock.

## PROCEDURAL REQUIREMENTS

10. Plaintiff Heath Layton has filed charges of unlawful employment practices with the with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

11. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") authorizing him to commence a civil action. Plaintiff has filed this complaint within 90 days from the date he received his notice authorizing him to bring actions.

## (DISABILITY DISCRIMINATION)
## (TITLE I OF THE AMERICANS WITH DISABILITIES ACT)

12. Plaintiff incorporates by reference the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff Heath Layton began working for Eagle Rock on March 6, 2014 and was employed by Eagle Rock as a project manager on construction projects, working in southeast Idaho, until he was terminated in violation of the Americans with Disabilities Act on April 27, 2017.

14. On March 24, 2017, Plaintiff Heath Layton was injured causing him to be disabled within the meaning of the Americans with Disabilities Act.

3 -     COMPLAINT AND DEMAND FOR JURY TRIAL

15. On March 25, 2017, Plaintiff notified Eagle Rock of his injuries which caused his disability and his need for reasonable accommodation.

16. Defendant Eagle Rock initially accommodated Plaintiff by allowing him to work in the office and from the hospital and from his home, but on April 20, 2017, Eagle Rock's owner, Rick Gokey told Plaintiff that he could no longer work from the office; on April 26, 2017, Eagle Rock's owner, Karen Harmer sent Plaintiff an email stating that Plaintiff could no longer work from home.

17. Despite the request by Plaintiff Heath Layton for an accommodation, as of April 26, 2017, Eagle Rock failed to accommodate Plaintiff's disability.

18. Plaintiff Heath Layton was qualified for his position as project manager and was able to perform the essential functions of such position.

19. Plaintiff Heath Layton was at all times relevant hereto and is a disabled individual within the meaning of the Americans with Disabilities Act in that he has a disability that affects one or more major life activities including, but not limited to his ability to walk and to do manual labor.

20. On April 27, 2017 Rick Gokey terminated Plaintiff's employment with Eagle rock.

21. The reasons Eagle Rock stated for the termination are pretext. The true reason and a motivating factor for the termination was because of Plaintiff Heath Layton's disability and Eagle Rock's unwillingness to accommodate his disability.

22. Eagle Rock engaged in unlawful intentional discrimination against Plaintiff on the basis of disability in the terms and conditions of Plaintiff's employment and in his termination.

27. As a result of Eagle Rock's intentional acts alleged herein, Plaintiff suffered emotional distress, mental anguish, embarrassment, loss of dignity and self-esteem, humiliation, and

loss of enjoyment of life, resulting in damages in such amount as may be available under applicable law.

28.     Eagle Rock's acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to Plaintiff's federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages as determined by a jury and available under applicable law, should be awarded to punish Eagle Rock and deter such conduct in the future.

29.     Plaintiff is entitled to attorney fees, expert witness fees, and costs incurred herein, pursuant to one or more of the following statutes: 42 U.S.C. § 1988, 42 U.S.C. § 12205, Idaho Code § 12-120, and any other applicable federal and/or state statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

1.  To assume jurisdiction over each of the causes set forth herein.
2.  To declare Eagle Rock's conduct as alleged herein to be in violation of the ADA.
3.  For back pay and benefits from the date of termination to date of trial, in an amount to be proven at trial;
4.  For front pay and benefits from date of trial in an amount to be proven at trial as an equitable remedy in lieu of reinstatement;
5.  For a permanent injunction enjoining Eagle Rock, its owners, officers, management personnel, employees and all persons in active concert or participation with Eagle Rock from engaging in any employment practice which discriminates on the basis of disability;

6. For general damages for Plaintiff's emotional distress in an amount to be proven at trial;

7. For punitive damages in an amount to be proven at trial;

8. For pre-judgment interest at the highest applicable rate upon all amounts found due and owing;

9. For Plaintiff's attorney fees, expert witness fees and court costs incurred in bringing this action; and

10. For such other and further relief as the court deems just and equitable.

DATED June 14, 2017.

THOMSEN HOLMAN WHEILER, PLLC

By: /s/
James D. Holman, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED June 14, 2017.

THOMSEN HOLMAN WHEILER, PLLC

By: /s/
James D. Holman, Esq.

J:\data\JDH\10428\001 Complaint

6 -   COMPLAINT AND DEMAND FOR JURY TRIAL