UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATH LAYTON,<br><br>        Plaintiff,<br><br>        v.<br><br>EAGLE ROCK TIMBER, INC.,<br><br>        Defendant. | Case No. 4:17-cv-00259-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Heath Layton's Motion for Attorney Fees and Costs Re: Mediation. Dkt. 14. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On September 21, 2017, the Court issued its Case Management Order. Dkt. 13. A portion of that order reflected that the parties would engage in mediation. *Id.* at 2. On July 13, 2018, the parties participated in said mediation.[1]

---

[1] As an aside, the Court notes that its Order indicated that Mediation was to be held on or before March 1, 2018. The Court is not aware of the reasons for the four-month delay in complying with the Court's Order.

**MEMORANDUM DECISION AND ORDER - 1**

That same day, Layton filed a Motion seeking fees and costs related to the mediation asserting that Defendants Eagle Rock Timber ("ERT") had not mediated in good faith. Defendants oppose the Motion.

### III. ANALYSIS

As both sides appear to recognize, this topic is somewhat delicate as numerous rules[2] limit the Court's involvement, interaction, and knowledge of any settlement discussions between the parties. That being said, the Court need not wade into any substantive issues in this case. The assertion—at face value—is simply that a party failed to mediate. Appropriately so, neither side has indicated the specifics of why the mediation was unsuccessful, just that a settlement was not reached. There is no indication of what concessions—if any—were made, the amounts of any offers extended, admissions, denials, or any pertinent factual details related to *the case*.[3] The Court therefore must simply rule if *purported* bad faith in settlement negotiations justifies an award of attorney fees.

---

[2] Federal Rule of Evidence 408 limits the admissibility of evidence gleaned from settlement negotiations, however, the issue presented here does not relate to the admissibility of any evidence or information, so it is not clear that this rule would apply.
Additionally, Idaho District Local Rule 16.4(b)(3) outlines the confidential nature of mediations and that "The mediator must abide by the confidentiality rules agreed to by the parties" and that the "Confidentiality protections of F.R.E. 408 will extend to mediations under this Rule." Idaho Dist. Loc. R. 16.4(b)(3)(H). This rule aside, the rule immediately preceding states that the mediator will notify the Court within 7 days of the mediation whether or not a settlement was achieved. Idaho Dist. Loc. R. 16.4(b)(3)(G).
Finally, Idaho General Order No. 130 also mandates that all communications made during the mediation remain confidential.

[3] There are some procedural details about the actual mediation, but none of these bear on the Court's impartiality.

**MEMORANDUM DECISION AND ORDER - 2**

As a threshold issue, the Court must state the obvious: this motion rests upon the subjective belief of Layton. Layton asserts that at the appointed day and time, all parties gathered for the mediation and that he made an opening offer. According to Layton, the mediator then spent the next 2.5 hours "try[ing] to get [ERT] to negotiate, but [it] refused to negotiate, and did not make any offers of settlement." Dkt. 15, at 2. For its part, ERT strongly objects to the allegation that it failed to negotiate in good faith and argues that declining an offer—or choosing to not extend an offer—is completely within its discretion and not cause for an award of attorney fees. Here the Court must agree for three reasons.

First, there is no requirement that a settlement be reached at mediation, but only that the parties mediate. This Court's Case Management Order simply stated that the parties were to attend a mediation and file a status report with the Court as to whether or not the case settled. Dkt. 13, at 2-3. Strictly speaking, that happened here. Additionally, although Layton asserts that ERT never even intended to mediate (i.e. acted in "bad faith"), the Court is left to wonder what the mediator and ERT did for 2.5 hours. Presumably, they were trying to work though their options. Although ERT did not "negotiate" as Layton would have liked and did not make a counteroffer, there are numerous explanations[4] for this other than that ERT was just trying to waste time and

---

[4] For example, maybe ERT never made an offer because when it heard Layton's offer it realized just how far Layton's proposed offer was from its idea of a fair settlement, and that no amount of negotiating would be able to close that gap.

**MEMORANDUM DECISION AND ORDER - 3**

money.[5] Any reason is speculative, but, even assuming, *arguendo*, that ERT's behavior constituted "bad faith," such is not an appropriate basis for an award of attorney fees under applicable caselaw. This is the second reason Layton's argument fails.

The Idaho Supreme Court has addressed this topic on numerous occasions in two circumstances. The first group of cases deal with a final award of attorney fees and whether the Court should take settlement behavior into account (in the final award of fees at the conclusion of the case). In these circumstances, the Idaho Supreme Court has repeatedly found that allegations of bad faith were not admissible. *See, e.g.*, *Jorgensen v. Coppedge*, 224 P.3d 1125, 1131 (Idaho 2010) ("District courts may not consider settlement negotiations in the attorney fees determination."); *Smith v. Angell*, 830 P.2d 1163, 1167 (Idaho 1992) ("A trial court's consideration of failed settlement negotiations or of a refusal to negotiate a settlement when deciding whether to award attorney fees is prohibited under Idaho law."); *Ross v. Coleman Co.*, 761 P.2d 1169, 1188 (Idaho 1988), *aff'd*, 804 P.2d 325 (1991) ("The failure to enter into or conduct settlement negotiations is not a basis for awarding attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1)."); *Braley v. Pangburn*, 798 P.2d 34, 42 (Idaho 1990) ("Settlement negotiations and an asserted failure to settle do not amount to the type of conduct which may precipitate an award of attorney fees against a nonprevailing party.").

---

[5] Layton's argument here is likewise speculative and attenuated. Layton asserts that it was ERT's intent all along to just waste his time and incur expenses; but ERT had to go through the same preparation, travel, time, and expense as Layton did. Thus, both parties expended resources that proved fruitless.

**MEMORANDUM DECISION AND ORDER - 4**

The Second group of cases more closely align with the facts here, where the Court reviewed whether an award of fees was appropriate as a sanction. Again, the Idaho Supreme Court has consistently held there is no authority for such a proposition. *See, e.g.*, *Bailey v. Sanford*, 86 P.3d 458, 468 (Idaho 2004) ("A trial court cannot sanction a party's conduct at a settlement conference by awarding attorney fees to the other party."); *Payne v. Foley*, 639 P.2d 1126, 1129 (Idaho 1982) ("there is no authority in a trial court to insist upon, oversee, or second-guess settlement negotiations, if any, and certainly no authority to impose sanctions for "bad faith" bargaining.").

Finally, the Court turns its attention to Federal Court. In the District of Idaho, this topic has rarely been dealt with. The closest case on point is *Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, No. CV04-244-S-BLW, 2005 WL 1768650 (D. Idaho July 25, 2005), however, the facts of that case are strikingly different than what is presented here. In *Performance Chevrolet*, the Court directed the parties to attend a mediation and have present a "representative with the ultimate authority to settle the case." *Id.* at *4. One party failed to bring such an individual, the Court found that this was in direct violation of its order, and sanctioned the party accordingly.

Here there is no objective conduct or specific rule that ERT violated. To be sure, Idaho District Local Rule 16.4(b)(3)(F) states that "all parties and their counsel must participate in the mediation process fully, reasonably, and in good faith," however, there is no definition of good faith. Were the Court to rule that the failure to settle—or more narrowly, the failure to present a counteroffer—constitutes "bad faith," the Court would

open itself to a subjective inquiry in each case,[6] and unnecessarily inject itself into a process where it need not—and indeed, should not—be.

The Court is persuaded by the State of Idaho's approach to this situation, as well as the general understanding that sanctions are appropriate only when a party violates an objective and specific rule, standard, or order—or their behavior is so egregious or outside the norms of professional conduct—not simply upon the subjective belief of one person or party.[7]

In conclusion, there is no requirement that the parties settle their case when they attend mediation, Idaho caselaw contradicts Layton's position, and what limited Federal caselaw is available outlines that sanctions apply only when a party fails to abide by a specific court order. While the Court does expect each party in a lawsuit to engage in meaningful alternative dispute resolution and participate in "good faith," this is a subjective standard and the Court will not award fees based upon one party's interpretation of that standard.

## IV. ORDER

1. Layton's Motion for Attorney Fees and Costs Re: Mediation (Dkt. 14) is DENIED.

---

[6] After all, the Court requires that all cases involve some form of alternative dispute resolution.

[7] In saying this, the Court is not calling into question Layton's integrity or perception concerning the matter, but simply that it cannot base an award or sanction on one party's interpretation or opinion of the situation when the Court was not involved and cannot know the specific details of the event.

**MEMORANDUM DECISION AND ORDER - 6**

2. Unrelatedly, the Court will hold a telephonic scheduling conference in this case for the purposes of selecting a trial date. A docket entry order will be filed simultaneously herewith outlining the details of that conference.

DATED: October 29, 2018

David C. Nye
U.S. District Court Judge